This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41749**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

 Petitioner-Appellee,

v.

**CRYSTAL T.,**

 Respondent-Appellant,

and

**IVAN H. and EFRAIN A.,**

 Respondents,

**IN THE MATTER OF SABASTIAN R.,
ANAHII H., BELLA H., and SAMUEL H.,**

 Children.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
David P. Reeb, Jr., District Court Judge**

Children, Youth & Families Department
Mary E. McQueeny, Chief Children's Court Attorney
Santa Fe, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Kathleen M. Haynes Burns
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Respondent-Appellant Crystal T. (Mother) has appealed from the termination of her parental rights. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Mother has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     The relevant background information and legal principles have been set forth. We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}**     Mother continues to challenge the sufficiency of the evidence to support the underlying disposition, specifically and exclusively in relation to the reasonableness of the Children, Youth & Families Department (the Department) efforts. [MIO 5, 11-14] As we previously observed, evidence was presented that the Department created a treatment plan that was designed to address Mother's deficiencies, supplied many referrals to service providers, and attempted to engage her over a period of roughly two years; however, Mother's compliance was poor and she failed to make meaningful progress. [CN 3-5; MIO 6-10] Under the circumstances, we conclude that the Department's efforts were reasonable. *See generally State ex rel. Child., Youth & Fams. Dep't v. Laura J.*, 2013-NMCA-057, ¶ 39, 301 P.3d 860 ("That [the m]other did not fully participate in or cooperate with the services does not render the Department's efforts unreasonable."); *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶¶ 23, 26, 28, 132 N.M. 299, 47 P.3d 859 (using the federal fifteen-month period for time-limited reunification services as guidance in assessing the duration of reasonable efforts under state law, explaining that "[w]hat constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent," and observing that "our job is not to determine whether [the Department] did everything possible; our task is limited by our statutory scope of review to whether [the Department] complied with the minimum required under law").

**{4}**     Mother speculates that the Department could have done more to investigate possible relative placements. [MIO 13-14] However, where sufficient evidence has otherwise been presented, "the Department's failure to consider . . . a relative placement does not provide a basis for overturning the termination of . . . parental rights." *Laura J.*, 2013-NMCA-057, ¶ 56. Because Mother's memorandum in opposition contains neither persuasive argument nor authority to suggest that the Department's handling of potential relative placements had any real bearing on the termination of her

parental rights, we reject this as a basis for relief on appeal. *See, e.g.*, *id.* (rejecting a similar argument under analogous circumstances).

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**